# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATASPHERE, LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**EQUINIX, INC.,**<br><br>*Defendant*. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff DataSphere, LLC ("DataSphere"), by and through its undersigned counsel, brings this complaint for patent infringement and damages against Defendant Equinix, Inc. ("Equinix" or "Defendant") and, in support, alleges the following:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including U.S.C. § 271.

2. Equinix has infringed and continues to infringe at least United States Patent Nos. 7,640,381 ("the '381 Patent"), 7,782,778 ("the '778 Patent"), 7,203,172 ("the '172 Patent"), and 7,529,239 ("the '239 Patent") (collectively "the Asserted Patents").

3. DataSphere seeks appropriate damages and prejudgment and post-judgment interest for Equinix's infringement of the Asserted Patents.

## PARTIES

4. Plaintiff DataSphere is a Georgia limited liability company with a principal place of business in Atlanta, Georgia.

5. On information and belief, Defendant Equinix is a Delaware corporation with a principal place of business at One Lagoon Drive, Redwood City, California 94065. Equinix has a regular and established place of business located in this District referred to as DA7, located at 6653 Pinecrest Drive, Plano, TX 75024 ("DA7").

6. On information and belief, Equinix may be served with process through its registered agent at United Agent Group, Inc, 1521 Concord Pike Suite 201, Wilmington, DE 19803.

## JURISDICTION AND VENUE

7. DataSphere incorporates by reference the allegations in the preceding paragraphs.

8. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, inter alia, 28 U.S.C. §§ 1331, 1332, and 1338(a).

9. This Court has general and specific personal jurisdiction over Equinix because, directly or through intermediaries, Equinix has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas.

10. Plaintiff's causes of action arise, at least in part, from Equinix's contacts with and activities in and/or directed at this District and the State of Texas.

11. On information and belief, Equinix has infringed the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in

the Asserted Patents, including without limitation products that, when made or used, practice the Asserted Patents. Equinix, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas. Equinix regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

12. This Court has personal jurisdiction over Equinix pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq*.

13. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

14. Equinix is doing business, either directly or through respective agents or subsidiary or related entities, on an ongoing basis in this Judicial District and elsewhere in the United States and has committed acts of infringement in this district. Equinix has a regular and established place of business in this Judicial District, including at its DA7 Data Center. Upon information and belief, Equinix operates IBX data centers and interconnection facilities within the Eastern District of Texas, conducts business with customers located here, and provides the very accused colocation and optical-transport services from facilities in this District that give rise to the infringement.

15. Equinix maintains a permanent and/or continuing presence within this District at its DA7 Data Center, and has the requisite minimum contacts within this District such that this venue is a fair and reasonable one. Upon information and belief, Equinix has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## PATENTS IN SUIT

16. On December 29, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,640,381, entitled "Input/Output Decoupling System

Method Having a Cache for Exchanging Data Between Non-Volatile Storage and Plurality of Clients Having Asynchronous Transfers." A true and correct copy of the '381 Patent is attached as Exhibit A. The priority date of the '381 Patent is no later than October 7, 2005.

17. The '381 Patent is, *inter alia*, directed to systems and methods that employ buffered communication interfaces to manage and control data flow between non-volatile storage systems and multiple client devices in high-speed network environments.

18. DataSphere is the owner, by assignment, of all right, title, and interest in and to the '381 Patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

19. The '381 Patent is valid and enforceable under the United States Patent Laws.

20. On August 24, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,782,778, entitled "Apparatus and Method for Fibre Channel Distance Extension Embedded Within an Optical Transport System." A true and correct copy of the '778 Patent is attached as Exhibit B. The priority date of the '778 Patent is no later than September 8, 2004.

21. The '778 Patent is, *inter alia*, directed to methods of controlling data flow over optical transport networks through buffer-dependent transmission control between ingress and egress terminals to ensure reliable, congestion-free communication.

22. DataSphere is the owner, by assignment, of all right, title, and interest in and to the '778 Patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

23. The '778 Patent is valid and enforceable under the United States Patent Laws.

24. On April 10, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,203,172, entitled "Internodal Routing Engine For A Next Generation Network." A true and correct copy of the '172 Patent is attached as Exhibit C. The priority date of the '172 Patent is no later than September 27, 2002.

25. The '172 Patent is, *inter alia*, directed to methods and systems for routing calls in a hybrid packet and public switched telephone network by selecting the softswitch nearest to the called party to maximize the use of the packet-switched network and minimize costs associated with usage of the public switched telephone network.

26. DataSphere is the owner, by assignment, of all right, title, and interest in and to the '172 Patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

27. The '172 Patent is valid and enforceable under the United States Patent Laws.

28. On May 5, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,529,239, entitled "Distributed Dynamic Routing." A true and correct copy of the '239 Patent is attached as Exhibit D. The priority date of the '239 Patent is no later than February 17, 2005.

29. The '239 Patent is, *inter alia*, directed to methods and systems for routing packets from a source node to a destination node in a distributed and dynamic manner via an internal packet-switched telecommunication network comprising edge devices.

30. DataSphere is the owner, by assignment, of all right, title, and interest in and to the '239 Patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

31. The '239 Patent is valid and enforceable under the United States Patent Laws.

## TECHNOLOGY OF THE ASSERTED PATENTS

32.     The Asserted Patents relate to various technologies that enable efficient transmission of information and routing of telecommunication data. Certain of the Asserted Patents involve Input/Output (I/O) decoupling systems for data storage and network architectures that improve storage I/O performance via data flow control and buffering between ingress and egress endpoints in high-speed data systems.

33.     Fibre Channel and similar high speed data transport systems employ switches, buffers, and flow-control mechanisms to transmit data frames between storage systems and clients.

34.     These systems commonly use buffered ingress and egress ports and credit-based flow control to prevent data loss and regulate transmission rates.

35.     By controlling transmission based on buffer availability while decoupling internal storage-side timing from client-side timing, the patented inventions reduce congestion and increase throughput.

36.     Equinix's accused IBX Data Centers employ such transport systems, including Fibre Channel switching, buffering, and flow-control features, in a manner that practice the patented methods and apparatuses.

37.     Certain other Asserted Patents involve routing data dynamically via an internal packet-switched telecommunication network, as well as routing Voice over IP (VoIP) in a hybrid packet and public switched telephone network.

38.     Equinix's network infrastructure and services employ systems, including but not limited to Equinix Data Centers, Equinix Network Edge, Platform Equinix, and Equinix Fabric in a manner that also practice the patented methods and apparatuses,

## ACCUSED INSTRUMENTALITIES

39. Equinix operates IBX Data Centers that utilize Fibre Channel-based optical transport systems that connect storage infrastructure to multiple clients, including the DA7 Data Center located in this District. The Accused Instrumentalities include Equinix Data Centers, Equinix Network Edge, Platform Equinix, Equinix Fabric, Equinix network infrastructure and services, and any other variations with similar features or functionalities that operate in a similar manner.

## COUNT I:
## INFRINGEMENT OF THE '381 PATENT

40. DataSphere incorporates by reference the allegations in the preceding paragraphs.

41. Equinix directly infringes, literally or under the doctrine of equivalents, at least Claim 25 of the '381 Patent under 35 U.S.C. § 271(a) by making, using, operating, and/or offering the Accused Instrumentalities.

42. Claim 25 of the '381 Patent provides:

[Preamble] An apparatus, comprising:

[A] a storage interface configured to communicate with a storage system having a non-volatile storage component;

[B] a host interface configured to communicate with a plurality of clients;

[C] a cache configured to cache communications exchanged between the non-volatile storage component and the plurality of clients, the cache configured to associate a buffer with each client; and

[D] circuitry configured to: identify a data rate for transferring data from the apparatus, over the host interface, to one of the plurality of clients, wherein the identified data rate is based on an amount of data existing in the buffer for the receiving client and decoupled from asynchronous transfers over the storage interface.

43. A chart demonstrating infringement of the '381 Patent is attached as Exhibit E.

44. Equinix's infringing activities have and continue to be without authority or license under the '381 Patent.

45. Equinix has and continues to suffer damages as a direct and proximate result of Skullcandy's direct infringement of the '381 Patent.

46. Equinix is entitled to recover: (i) damages adequate to compensate DataSphere for Equinix's direct infringement of the '381 Patent, which at a minimum, amounts to a reasonable royalty; (ii) attorney's fees; and (iii) costs.

## COUNT II:
## INFRINGEMENT OF THE '778 PATENT

47. DataSphere incorporates by reference the allegations in the preceding paragraphs.

48. Equinix directly infringes, literally or under the doctrine of equivalents, at least Claim 25 of the '778 Patent under 35 U.S.C. § 271(a) by making, using, operating, and/or offering the Accused Instrumentalities.

49. Claim 25 of the '778 Patent provides:

[Preamble] A method for controlling a flow of data over an optical transport system, the method comprising:

[A] determining whether a memory in an egress terminal is available to store the data received by the egress terminal based at least in part on a data amount transmitted to the egress terminal;

[B] allowing transmission of the data from a first network to an ingress terminal only when the memory is available to store the data;

[C] receiving the data from the first network; and

[D] transmitting the data over the optical transport system from the ingress terminal to the egress terminal.

50. A chart demonstrating infringement of the '778 Patent is attached as Exhibit F.

51. Equinix's infringing activities have and continue to be without authority or license under the '778 Patent.

52. Equinix has and continues to suffer damages as a direct and proximate result of Skullcandy's direct infringement of the '778 Patent.

53. Equinix is entitled to recover: (i) damages adequate to compensate DataSphere for Equinix's direct infringement of the '778 Patent, which at a minimum, amounts to a reasonable royalty; (ii) attorney's fees; and (iii) costs.

## COUNT III:
## INFRINGEMENT OF THE '172 PATENT

54. DataSphere incorporates by reference the allegations in the preceding paragraphs.

55. Equinix directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '172 Patent under 35 U.S.C. § 271(a) by making, using, operating, and/or offering the Accused Instrumentalities.

56. Claim 1 of the '172 Patent provides:

> [Preamble] A method for routing calls from a caller to a call destination in a heterogeneous packet-based and circuit-switched network, wherein the call is processed by a call processor forming part of one of a plurality of softswitches used to control calls within the packet-based portion of the network and to and from the circuit-switched portion of the network, comprising the steps of:
>
> [A] determining, at the call processor in the softswitch receiving the call from the caller, the location of the call destination;
>
> [B] identifying the softswitch nearest the call destination; and
>
> [C] routing the call to the identified softswitch.

57. A chart demonstrating infringement of the '172 Patent is attached as Exhibit G.

58. Equinix's infringing activities have and continue to be without authority or license under the '172 Patent.

59. Equinix has and continues to suffer damages as a direct and proximate result of Skullcandy's direct infringement of the '172 Patent.

60. Equinix is entitled to recover: (i) damages adequate to compensate DataSphere for Equinix's direct infringement of the '172 Patent, which at a minimum, amounts to a reasonable royalty; (ii) attorney's fees; and (iii) costs.

## COUNT IV:
## INFRINGEMENT OF THE '239 PATENT

61. DataSphere incorporates by reference the allegations in the preceding paragraphs.

62. Equinix directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '239 Patent under 35 U.S.C. § 271(a) by making, using, operating, and/or offering the Accused Instrumentalities.

63. Claim 1 of the '239 Patent provides:

> [Preamble] A method for routing packets in a distributed and dynamic manner via one or more packet switched internal telecommunication networks, connected by edge devices to one or more packet switched external networks, the method comprising:
>
> [A] receiving a data packet at a source edge device from an external telecommunication network;
>
> [B] determining in the source edge device the next-hop address corresponding to the destination address prefix of the received data packet;
>
> [C] determining in the source edge device the address and network interface of a target edge device, from among a plurality of target edge devices, in response to the determined next-hop address, wherein the next-hop address corresponds to a device in another external telecommunication network;
>
> [D] generating in the source edge device a transmission packet addressed to the target edge device, the transmission packet comprising the received data packet and the determined next-hop address and the determined network interface of the target edge device; and
>
> [E] transmitting the generated transmission packet from the source edge device to the determined target edge device via one or more internal telecommunication

  networks at the data link layer level, wherein the target edge device uses the determined next-hop address to forward the received data packet to the next-hop.

64.  A chart demonstrating infringement of the '239 Patent is attached as Exhibit H.

65.  Equinix's infringing activities have and continue to be without authority or license under the '239 Patent.

66.  Equinix has and continues to suffer damages as a direct and proximate result of Skullcandy's direct infringement of the '239 Patent.

67.  Equinix is entitled to recover: (i) damages adequate to compensate DataSphere for Equinix's direct infringement of the '239 Patent, which at a minimum, amounts to a reasonable royalty; (ii) attorney's fees; and (iii) costs.

## JURY DEMAND

68.  Pursuant to Federal Rule of Civil Procedure 38(b), DataSphere demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DataSphere respectfully requests judgment against Equinix as follows:

A.  that this Court adjudge that Equinix infringes the Asserted Patents;

B.  that this Court ascertain and award DataSphere damages under 35 U.S.C. § 284 sufficient to compensate for Equinix's infringement, including but not limited to infringement occurring before the filing of this lawsuit;

C.  that this Court ascertain and award DataSphere any post-judgment ongoing royalties under 35 U.S.C. § 284 as may be appropriate;

D.  that this Court award DataSphere any applicable prejudgment and post-judgment interest; and

E.  that this Court award DataSphere such other relief at law or in equity as the Court deems just and proper.

Dated: January 28, 2026                                               Respectfully submitted,

*Of Counsel:*

/s/ Cristofer Leffler
Cristofer I. Leffler, WA Bar No. 35020
Michael C. Saunders, WA Bar No. 51550
Cliff Win, CA Bar No. 270517
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Suite 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cris.leffler@foliolaw.com
           mike.saunders@foliolaw.com
           cliff.win@foliolaw.com

/s/Greg Love
Greg P. Love, TX SB No. 24013060
*Of Counsel:*
**CHERRY JOHNSON SIEGMUND JAMES**
104 East Houston, Suite 115
Marshall, Texas 75670
Tel: (903) 212-4444
Fax: (903) 392-2267
Email: glove@cjsjlaw.com

Mark D. Siegmund, TX SB No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES**
7901 Fish Pond Rd, Ste. 200
Waco, TX 76710
Tel: (254) 732-2242
Fax: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Plaintiff DataSphere, LLC*